# COURT OF APPEALS
# DECISION
# DATED AND FILED

## July 14, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1507-CR**

Cir. Ct. No. 2021CF2120

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ORELL ALEXANDER DAVIS, JR.,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JOHN A. FRANKE and REBECCA A. KIEFER, Judges. *Affirmed*.

Before Donald, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Orell Alexander Davis, Jr., appeals from his judgment of conviction for being a felon in possession of a firearm and for physical abuse of a child by recklessly causing bodily harm. He also appeals from the order denying his postconviction motion. Upon review, we affirm.[1]

## BACKGROUND

¶2 The charges against Davis in this case stem from a shooting incident that occurred in May 2021. Officers from the Milwaukee Police Department (MPD) responded to a report of shots fired at a residence on North 73rd Street. An anonymous caller reported hearing one gunshot and then seeing a young child holding their ears as if they were ringing. The officers conducted a welfare check at the home and spoke to the resident there, who said she heard a "pop" and "brought the kids inside," but that "everything was alright." No other information was obtained.

¶3 Later that day, other MPD officers performed a traffic stop of a vehicle suspected in an armed robbery. The occupants of the vehicle were Charlotte Hart and Davis. A silver revolver with a brown handle was recovered from Hart. The gun was loaded with three unfired rounds and one spent round.

¶4 During a custodial interview, Hart told officers that earlier in the day she and Davis had been at the residence on North 73rd Street, which is Hart's aunt's house, with Hart's children, Jake and Jessica.[2] Hart said she was inside the

---

[1] Davis's trial was before the Honorable John A. Franke. His postconviction motion was decided by the Honorable Rebecca A. Kiefer.

[2] We follow the parties' use of pseudonyms for Hart's children. *See* WIS. STAT. RULE 809.86.

house when she heard a gunshot, and then saw Jessica's forehead bleeding. Davis told Hart that someone had driven by and shot into the vehicle. Forensic interviews with Jake and Jessica, however, revealed that the shooting occurred when a gun Davis was holding "went off," shattering the back window of the vehicle, and Jessica's head was grazed by the bullet. The children described the gun as silver with a brown handle. Hart further told police that Davis had put the gun in her waistband when they were pulled over by police.

¶5 Davis was charged with being a felon in possession of a firearm and for physical abuse of a child by recklessly causing bodily harm.[3] The information was later amended to add charges of second-degree recklessly endangering safety, felony witness intimidation, and misdemeanor witness intimidation.

¶6 The matter proceeded to trial in July 2022. Prior to deliberations, the State moved to dismiss both witness intimidation charges. The jury found Davis guilty of the felon in possession and physical abuse charges, but acquitted him on the count of second-degree recklessly endangering safety.

¶7 Davis then filed a postconviction motion, asserting claims of plain error and ineffective assistance of counsel. Davis's first claim related to a statement by the prosecutor during closing arguments: "You have now heard all of the evidence. That means that the presumption of innocence is gone." Davis argued that this constituted plain error, violating his right to due process based on

---

[3] Davis was convicted of armed robbery in Milwaukee County Circuit Court Case No. 2021CF1848; he is pursuing a separate appeal of his conviction in that matter in appeal No. 2024AP1699-CR.

the presumption of innocence standard. He also argued that his trial counsel was ineffective for failing to object when the prosecutor made the statement.[4]

¶8 The circuit court rejected both arguments. It found that while the prosecutor's comment may have been "imprecise," when taken in context it could "fairly be understood as arguing that the presumption of innocence was overcome by the evidence presented" by the State. The court further noted that the jury was instructed on the presumption of innocence "just moments" before the prosecutor made that statement. Additionally, the court found that even if the prosecutor's comment "approached improper argument," the error was harmless and Davis was not prejudiced.

¶9 Davis's second claim related to an alleged plea offer extended during the trial. Davis alleged that his trial counsel told him that, during a break, the prosecutor had offered a plea deal of two years of initial confinement and no extended supervision. Davis further alleged that counsel advised him not to take the plea deal because "[counsel] thought we were going to win at trial." The State disputes that such an offer was ever made.

¶10 Nevertheless, Davis argued that counsel was ineffective due to the manner in which he handled this alleged plea offer. He asserted that counsel did not fully present the offer, in that he "did not say what charges [Davis] would be pleading guilty to," nor did he "include any information about the potential

---

[4] In his postconviction motion Davis also argued that an analogy used by the prosecutor during closing arguments constituted improper vouching of a witness, raising additional claims of plain error and ineffective assistance. However, Davis does not raise these claims relating to improper vouching on appeal, and we do not discuss them further. *See State v. Ledger*, 175 Wis. 2d 116, 135, 499 N.W.2d 198 (Ct. App. 1993) (stating that issues previously raised but not briefed or argued on appeal are deemed abandoned).

consequences of a guilty plea." Davis further contended that he would have taken the plea deal if counsel had not "assured" him that they were going to win at trial.

¶11 The circuit court rejected this claim as well. The court found Davis's argument that he was prejudiced by counsel's failure to fully present the specific terms of the plea offer to be speculative and conclusory. By Davis's own admission, counsel provided the basic terms of the alleged plea deal, and Davis rejected the offer based on counsel's "assurance" that he would win at trial, as opposed to alleging that his rejection of the offer was due to its terms. The court further observed that, according to Davis's allegations, he solicited counsel's opinion regarding the plea offer and was provided that opinion, which does not establish deficient performance on the part of counsel.

¶12 As a result, the circuit court denied Davis's postconviction motion without a hearing. This appeal follows.

## DISCUSSION

*Closing Argument Claim*

¶13 We first address Davis's claim that the prosecutor's statement during closing about the presumption of innocence was plain error. Plain error is "error so fundamental that a new trial or other relief must be granted even though the action was not objected to at the time." *State v. Jorgensen*, 2008 WI 60, ¶21, 310 Wis. 2d 138, 754 N.W.2d 77 (citation modified). As such, the plain error doctrine "allows appellate courts to review errors that were otherwise waived by a party's failure to object." *Id.*

¶14 "The existence of plain error will turn on the facts of the particular case." *Id.*, ¶22 (citation modified). Furthermore, the error "must be 'obvious and

5

substantial.'" ***Id.***, ¶21 (citation omitted). And, "[c]ourts should use the plain error doctrine sparingly." ***Id.***

¶15 To establish plain error, the initial burden is on the defendant to show that "the unobjected to error is fundamental, obvious, and substantial[.]" ***Id.***, ¶23. We conclude that Davis has not met this burden. In the context in which it was made, the challenged statement was an argument by the State that the jury should view the evidence as sufficient to overcome the presumption of innocence. As the circuit court pointed out, this comment was made at the beginning of the State's closing argument, which began immediately after the court had completed reading the instructions to the jury, including the presumption of innocence instruction. "Jurors are presumed to have followed jury instructions." ***State v. LaCount***, 2008 WI 59, ¶23, 310 Wis. 2d 85, 750 N.W.2d 780.

¶16 For the foregoing reasons, Davis has not shown that the State's presumption of innocence argument was a fundamental, obvious, and substantial error. *See **Jorgensen***, 310 Wis. 2d 138, ¶21. Therefore, we reject Davis's claim of plain error.

¶17 For these same reasons, Davis's claim of ineffective assistance based on counsel's failure to object to the purported error is also rejected. To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel performed deficiently and that deficient performance prejudiced the defense. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). The defendant must demonstrate both prongs of the test to be afforded relief. ***Id.*** Whether counsel's performance meets the constitutional standard is a question of law that we review de novo. ***State v. Thiel***, 2003 WI 111, ¶21, 264 Wis. 2d 571, 665 N.W.2d 305.

6

¶18    Since we have concluded that the prosecutor's statement was not improper, the failure to object to the prosecutor's statement was not deficient performance because an attorney does not perform deficiently by failing to make a losing argument. *State v. Jacobsen*, 2014 WI App 13, ¶49, 352 Wis. 2d 409, 842 N.W.2d 365. Therefore, Davis's ineffective assistance claim relating to the prosecutor's statement also fails.

*Plea Offer Claim*

¶19    We now turn to Davis's second claim, that his trial counsel was ineffective in his handling of the alleged plea offer extended by the State during the trial. Davis asserts that counsel did not fully present the offer because counsel did not discuss the charges included in the offer and the consequences of the plea, and that counsel advised him not to take the plea because he was going to "win at trial." Davis further contends that he is entitled to an evidentiary hearing on this claim because he has alleged sufficient facts that, if true, entitle him to relief.

¶20    The circuit court is required to hold an evidentiary hearing on a postconviction motion only if the defendant has alleged "sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. This is a question of law that we review de novo. *Id.*, ¶9. However, if the postconviction motion "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the circuit court, in its discretion, may either grant or deny a hearing. *Id.*

¶21    We are not persuaded that this ineffective assistance claim was sufficiently pled to establish that Davis is entitled to relief. He alleges that counsel was ineffective for failing to fully present the plea offer; however, Davis asserts

7

that he rejected the offer due to counsel's opinion that they would win at trial, not because of the terms of the purported offer. Thus, Davis has not established that he was prejudiced by the claimed failure of counsel. *See Strickland*, 466 U.S. at 694 (stating that to prove prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."); *State v. Koller*, 2001 WI App 253, ¶9, 248 Wis. 2d 259, 635 N.W.2d 838 ("Showing prejudice means showing that counsel's alleged errors actually had some adverse effect on the defense.").

¶22 Davis also alleges that he sought counsel's opinion on whether to accept the plea offer, and that counsel provided his assessment that he believed they would "win." Davis fails to demonstrate how providing as assessment of likelihood of success at trial constitutes deficient performance by counsel. *See Strickland*, 466 U.S. at 691 (stating that to prove a deficiency, the defendant must show that counsel's actions or omissions were "professionally unreasonable"). Rather, this argument appears to be premised on hindsight with regard to counsel's opinion, in that counsel was only partially correct—Davis was acquitted on one count, but convicted of the other two charges. We do not review the reasonableness of trial counsel's performance with "the benefit of hindsight," and the "strong presumption" that counsel acted "reasonably within professional norms" is not overcome under these circumstances. *State v. Mull*, 2023 WI 26, ¶35, 406 Wis. 2d 491, 987 N.W.2d 707 (citation omitted).

¶23 Notwithstanding the lack of sufficient facts to support this ineffective assistance allegation, Davis cites two United States Supreme Court cases in support of his claim: *Padilla v. Kentucky*, 559 U.S. 356, 359-60 (2010), in

8

which the Court found counsel's failure to correctly advise the defendant of the immigration consequences related to entering a plea to be deficient performance; and *Lafler v. Cooper*, 566 U.S. 156, 160, 163, 168 (2012), where counsel had advised the defendant not to accept a plea offer based on an incorrect legal theory—which was conceded to be deficient performance—and the defendant received a harsher sentence than that extended in the plea offer, which the Court determined established prejudice. Because they are distinguishable, neither case is particularly helpful to Davis's arguments.

¶24 In *Padilla*, the Court focused on the "unique nature of deportation" as it relates to plea consequences to find that counsel is constitutionally deficient if it fails to inform a client whether a plea carries a risk of deportation; it did not make broad directives about the duty of counsel to explain all terms and consequences of entering a plea.[5] *See id.*, 559 U.S. at 365. Furthermore, the *Padilla* Court recognized that Padilla was still required to demonstrate prejudice to be entitled to relief but specifically did not address the issue of prejudice itself. *Id.* at 374. With its specific fact pattern and lack of broad directives relating to counsel's duties regarding plea offers, *Padilla* is not persuasive support for Davis's ineffective assistance of counsel claim.

¶25 In *Lafler*, which involved a similar scenario to this case, counsel's advice was concededly ineffective and led to a rejection of the plea offer and a trial, after which the sentence imposed was harsher than that recommended in the plea offer. *Id.*, 566 U.S. at 160, 163, 168. However, as noted, deficient

---

[5] We further note that nothing in the record suggests that the possibility of deportation was an issue for Davis.

9

performance by counsel was conceded, *see id.* at 163; in contrast, deficient performance has not been sufficiently pled here.

¶26 Furthermore, under *Lafler*, prejudice resulting from advice that constitutes deficient performance is demonstrated when a defendant shows that

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 164.

¶27 Here, according to Davis, the plea deal included a sentence recommendation that does not comply with statutory requirements. Specifically, Davis alleges that counsel told him the recommended sentence in the offer was two years of initial confinement and no extended supervision. Such a sentence is not legal under WIS. STAT. § 973.01 (2021-22), which requires sentences to be bifurcated, consisting of a term of initial confinement followed by extended supervision. As a result, there is not a reasonable likelihood that any such plea offer would have been presented to the circuit court, or accepted by the court under those terms. Because, according to *Lafler*, acceptance by the court is a necessary component for establishing prejudice under these circumstances, *see id.*, 566 U.S. at 164, Davis has not pled facts that sufficiently demonstrate prejudice.

¶28 Davis has not pled sufficient facts to establish either deficient performance or prejudice regarding the alleged plea offer. *See Strickland*, 466

U.S. at 687. Therefore, he has not demonstrated that he is entitled to an evidentiary hearing on this claim. *See Allen*, 274 Wis. 2d 568, ¶14.

## CONCLUSION

¶29 In sum, Davis's claims relating to the prosecutor's statement regarding the presumption of innocence during closing arguments, and his claim regarding counsel's presentation of the alleged plea offer during trial, all fail. Therefore, we affirm his judgment of conviction and the order denying his postconviction motion without a hearing.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2023-24).

11